UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LASHAWN STRIBLING                           CIVIL ACTION


VERSUS                                      NO: 08-1329


THE OFFSHORE DRILLING                       SECTION: "J" (3)
COMPANY

**ORDER AND REASONS**

Before the Court is the defendant's **Motion for**

**Reconsideration/Motion for New Trial (Rec Doc. 13).**  This motion,

which is opposed, was set for hearing on July 9, 2008 on the

briefs.  Upon review of the record, the memoranda of counsel, and

the applicable law, this Court now finds, for the reasons set

forth below, that defendant's motion should be denied.


**Background Facts**

Plaintiff filed this lawsuit in this Court on March 18, 2008

asserting claims under the Jones Act and general maritime law for

injuries received while working on defendant's offshore platform.

In anticipation of plaintiff's lawsuit, the defendant filed an

action in the Southern District of Texas on January 21, 2008

seeking a declaratory judgment on the issues of defendant's obligation to pay maintenance and cure to the plaintiff.  On April 29, 2008 defendant filed a Motion to Dismiss or, in the alternative, Motion to Transfer Venue (Rec. Doc. 5) in the case at bar.  That motion was denied by Order of this Court (Rec. Doc. 12) on June 6, 2008.  Defendant filed the present motion for a new trial and for reconsideration on June 20, 2008.

### The Parties' Arguments

Defendant filed this motion for reconsideration under Rule 59 of the Federal Rules of Civil Procedure.  Defendant contends that this Court committed a manifest error of law or fact in denying the motion to dismiss or transfer venue.  Specifically, defendant argues that the Court's denial of a transfer to the Southern District of Texas was manifestly erroneous.

In opposition, plaintiff argues that this motion for reconsideration should be denied because the defendant only attempts to reassert old arguments and advance new legal theories and presents no new evidence that was not considered by the Court prior to rendering the previous Order.

### Discussion

A motion for a new trial or for reconsideration is considered under Federal Rules of Procedure 59 or 60.  Such a

2

motion is considered under Rule 59(e) when it is filed no later
than ten days after the Court's judgment.  Defendant's present
motion was filed on the tenth day after entry of the Court's
Order denying the motion to dismiss or transfer, and thus is
considered a motion for a new trial or to alter or amend a
judgment under Rule 59.  See Fed. R. Civ. P. 6(a).  "A motion to
alter or amend the judgment under Rule 59(e) must clearly
establish either a manifest error of law or fact or must present
newly discovered evidence and cannot be used to raise arguments
which could, and should, have been made before the judgment
issued."  Schiller v. Physicians Resource Group Inc., 342 F.3d
563, 567 (5th Cir. 2003)(citations and internal quotations
omitted).  "A Rule 59(e) motion should not be used to relitigate
prior matters that should have been urged earlier or that simply
have been resolved to the movant's dissatisfaction." SPE FO
Holdings, LLC v. Retif Oil & Fuel, LLC, No. 07-3779, 2008 WL
3285907, at *3 (E.D. La. Aug. 6, 2008).  "A district court has
considerable discretion to grant or deny a motion for new trial
under Rule 59."  Kelly v. Bayou Fleet, Inc., No. 06-6871, 2007 WL
3275200, at *1 (E.D. La. Nov. 6, 2007).  Reconsideration of an
earlier order is an extraordinary remedy that should be granted
sparingly.  Id.

    The defendant does not argue that new evidence has surfaced
that should be considered by the Court.  See Defendant's Reply

Memorandum (Rec. Doc. 19).  Instead, the defendant asserts that this Court committed a manifest error of law or fact by not transferring this case to the Southern District of Texas.  In support of this proposition, the defendant urges the Court to adopt the reasoning of Judge Porteous in Byrnes v. Parker Drilling Offshore USA, LLC, No. 06-659, 2006 WL 1098900 (E.D. La. Feb. 16, 2006) where plaintiff's case was transferred to the Western District of Louisiana on motion of the defendant. However, the decision of whether to transfer a case is committed to the sound discretion of the district court.  28 U.S.C. § 1404(a); Mills v. Beech Aircraft Corp., 886 F.2d 758, 761 (5th Cir. 1989).  "Plaintiff's privilege to choose, or not be ousted from, his chosen forum is highly esteemed."  Time, Inc. v. Manning, 366 F.2d 690, 698 (5th Cir. 1966).  While a plaintiff's choice of forum is not dispositive and may be diminished based on the facts of the case, the transfer decision remains in the discretion of the district court. See Schexnider v. McDermott Int'l, Inc., 817 F.2d 1159, 1163 (5th Cir. 1987).

The defendant has not shown that the Court committed a manifest error in denying the motion to transfer.  This Court, in its sound discretion, determined that plaintiff's choice of this forum should be honored when plaintiff has numerous witnesses located in Louisiana and Mississippi and the defendant wishes to transfer plaintiff's claims to the Southern District of Texas,

the forum that the defendant selected for its declaratory action presumably because it felt such a forum was advantageous.  Such a decision is not a manifest error of law or fact.  Accordingly,

**IT IS ORDERED** that the defendant's **Motion for Reconsideration/Motion for New Trial (Rec Doc. 13)** is **DENIED**.

New Orleans, Louisiana, this 27th day of October, 2008.

_____

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE